IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON  DIVISION

DANNY PRICE

                     Plaintiff,

v.                                           CIVIL ACTION NO. 2:10-cv-00700

BRODY MINING, LLC

                     Defendant.

MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Danny Price's Motion to Remand to State Court [Docket 5].  Thus motion is **GRANTED**.

I.  Background

On March 30, 2010, plaintiff Danny Price filed a Complaint against defendant Brody Mining, LLC, ("Brody Mining") in the Circuit Court of Boone County, West Virginia.  Price alleges that while he was employed as a fire boss, Brody Mining ordered him to perform an illegal fire run.  According to Price, he was fired in retaliation for complaining to Brody Mining's management about the order and for refusing to perform the illegal fire run.  The Complaint alleges that "Plaintiff's termination was wrongful and/or retaliatory in nature and was in violation of West Virginia common law and 30 U.S.C. § 815(c)(1) and W.V. Code § 22A-1-22."  (Compl.[Docket 1, Attach. 1, Ex. A.] ¶ 9.)

Brody Mining removed the case to this court on April 30, 2010, stating that Price's allegation that Brody Mining violated the Mine Safety and Health Act ("MSHA"), 30 U.S.C. § 815(c)(1), establishes federal question jurisdiction.

## II. Analysis

Price moves for remand.  He argues that MSHA does not create a private federal cause of action and that his rights do not depend upon the resolution of substantial questions of federal law. Brody Mining agrees that no private federal cause of action exists, but argues that "to the extent Plaintiff wishes to pursue some sort of novel theory or claim that an alleged violation of 30 U.S.C. § 815(c)(1) can be litigated [in federal court,]. . . Defendant is entitled to have that issue resolved in federal court as it is a claim that arises, if at all, under federal law."  (Def.'s Resp. Opp'n Mot. Remand [Docket 7] 4-5.)  Brody Mining requests that the court either deny Price's Motion to Remand should Price intend "to litigate a novel theory regarding his federal claim," or dismiss Price's federal claim and remand the remainder of the case to state court.  (*Id.* at 5.)  Furthermore, Brody Mining requests that the court decline Price's request to award him fees and expenses incurred in seeking remand; because "removal of this action was proper as Plaintiff's Complaint explicitly stated a federal claim."  (*Id.*)

In his Reply, Price argues that this court should award attorneys fees and expenses for improper removal, as Brody Mining had no basis for removal of this action.  Price further states that because his wrongful discharge claim is based solely on West Virginia common law, no federal cause of action exists for the court to dismiss.

"The Mine Safety and Health Act does not confer a private right of action on plaintiff in the district court."  *Parke v. Bethenergy Mines, Inc.*, 732 F. Supp. 587, 589 (W.D. Pa. 1990).  To the

extent that Price's Complaint asserts a cause of action under MSHA, that claim is **DISMISSED**. Since there are no federal claims remaining in this suit, this court lacks jurisdiction to adjudicate Price's grievance.  Price's state law wrongful discharge claim is **REMANDED** to the Circuit Court of Boone County.

Under 28 U.S.C. § 1447(c), a district court remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

I determine that Brody Mining lacked an objectively reasonable basis for removal.  Although the Complaint's citation to a federal statute may have initially caused some confusion, the text of 30 U.S.C. § 815(c) rather clearly excludes a private cause of action, and all of the relevant case law supports this conclusion.

## III.  Conclusion

Price's Motion to Remand  [Docket 5] is **GRANTED**.  This case is **REMANDED** to the Circuit Court of Boone County, West Virginia.  Moreover, the court **AWARDS** attorney's fees and costs to Price.  The court **DIRECTS** Price to submit an itemized accounting of cost and fees, together with any supporting affidavits.  Brody Mining may file any objections it has within ten days of the accounting being filed with the court; Price may file a reply to any objections within three days.  *See Carter v. Monsanto*, 2006 WL 219541, *2 (S.D. W. Va. 2006).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 15, 2010

Joseph R. Goodwin, Chief Judge